■ OCTAGON CORPORATION, Respondent, v H. MICHAEL SEIBEL, Appellant.—Order unanimously reversed on the law with costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendant's cross motion for summary judgment. Defendant purchased an IBM personal computer from his employer, Production Efficiency Company (PEC). PEC subsequently entered into an agreement with plaintiff whereby plaintiff purchased its fixed assets and PEC retained the interest in its accounts receivable. Plaintiff commenced this action against defendant to recover the amount allegedly due and owing by defendant on the computer equipment.

After the sale of the computer to defendant, PEC had, at most, a security interest in the equipment and an enforceable right to receive the payments agreed to by defendant. Thus, the computer equipment was not included in the purchase agreement between plaintiff and PEC. The addendum to the purchase agreement that purported to assign to plaintiff the right to receive payment from defendant was signed only by plaintiff and does not serve to modify the original integrated purchase agreement entered into between plaintiff and PEC *(see,* General Obligations Law § 15-301 [1]). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Balio, Davis and Doerr, JJ.